IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROLAND MITCHELL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-473 |
| NURSE CATHERINE, | * | |
| RN TESSEMA, and | | |
| CORRECTIONAL MEDICAL SERVICE | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

I.   Procedural History

This 42 U.S.C. § 1983 civil rights Complaint was received for filing on February 18, 2011. In his Complaint Plaintiff questions the dosage of Percocet medication he received from Nurses Catherine and Tessema on the morning of February 2, 2011. He claims that he had an immediate reaction to the amount of medication, *e.g.* pain, stomach cramps, headaches, sweating, and vomiting. Plaintiff initially opines that this reaction occurred because he is a dialysis patient, but affirms that he found out later that day that he had been given an extra dose of Percocet by Nurse Tessema. He further contends that the following day, February 3, 2011, he was called to the medical department for his medication and was falsely told by Nurse Tessema that a Physician's Assistant had ordered him pain medication. Plaintiff states that Tessema led him to believe that the medication was Percocet, but it was in reality Tylenol, a medication which is contraindicated given his "bad" liver and kidneys. In sum, he alleges that he was given an excessive amount of Percocet one day and the wrong medication the next day. Plaintiff seeks one million dollars in compensatory and punitive damages.

II.     Pending Motions

Currently before the Court is the unopposed Motion to Dismiss or, in the Alternative, for Summary Judgment filed by Defendants Wondaye Dessema, Katherine Jalloh,[1] and Correctional Medical Services, Incorporated. ("CMS").[2]  ECF No. 16.  The undersigned has examined the medical record and finds that no hearing is necessary.  *See* Local Rule 105.6. (D. Md. July, 2011).  For reasons to follow, Defendants' pleading will be granted.

III.    Standard of Review

Summary judgment is appropriate under Rule 56(a) of the Federal Rules of Civil Procedure when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on

---

[1] The names of Nurses Wondaye Dessema and Katherine Jalloh shall be substituted for that of Defendants Nurses "Catherine" and Tessema.

[2] On November 14, 2011, the Clerk mailed Plaintiff notice of Defendants' filing pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975).  ECF No. 17.  Plaintiff has not filed an opposition response.

those issues on which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

IV. Discussion

    1. Facts

It is undisputed that Plaintiff is a forty-four year old male with a history of diabetes and coronary artery disease. The record, taken from Defendants' exhibits, shows that he received dialysis on February 1 and 3, 2011, and complained of severe back pain on February 3, 2011. A prescription for an additional tablet of Percocet was ordered by Dr. Sisay. ECF No. 16 at Ex. 1. There is no record of Plaintiff complaining that he received excessive Percocet or was wrongly provided Tylenol or that he experienced pain, sweats, dizziness, or vomitus from the Percocet.

    2. Legal Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter…becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown* 240 F. 3d at 390; *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

It remains undisputed that Plaintiff was receiving dialysis, but there is no record that he received excessive Percocet or Tylenol and experienced a reaction from same. The record shows that he received an extra dosage of Percocet due to his subjective complaint of extreme back pain.[3] This order was issued on February 3, 2011, by Dr. Sisay, not Nurse Dessema. In the absence of opposition materials, the Court finds no Eighth Amendment violation.

---

[3] Even assuming every allegation in the verified complaint is true, Plaintiff has failed to state a §1983 claim for medical indifference. Plaintiff's claims center on Nurse Dessema giving him excess Percocet and Tylenol, each on

## V. Conclusion

For the aforementioned reasons, Defendants' Motions shall be granted.[4]  A separate Order follows.


Date:   January 17, 2012                                                      /s/
                                                            Alexander Williams Jr.
                                                            United States District Judge

---

one occasion.  Plaintiff does not allege Nurse Dessema did this on purpose.  Thus, assuming all allegations in the complaint are true, at best, he has alleged a claim for medical malpractice which is not cognizable in a §1983 action.  *See Estelle,* 429 U.S. at 103.  Medical malpractice does not become an Eighth Amendment violation merely because Plaintiff is a prisoner. *Id.* at 106.

[4]  To the extent the Complaint names Correctional Medical Services, Incorporated ("CMS") in the alleged denial of medical care solely upon vicarious liability, the law in this circuit is clear.  The doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 claims.  *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982).  CMS's Motion to Dismiss shall be granted.